Barry PARK, Grandson of Buster
GOLDEN, Deceased *v.* WEYERHAEUSER COMPANY
and FIREMEN'S FUND INSURANCE
COMPANY

77-142                                    560 S.W. 2d 226

Opinion delivered January 16, 1978
(Division II)

*Arnold, Arnold, Lavender & Rochelle, Ltd.,* by: *Charles D. Barnette,* for appellant.

*William L. Peek, Jr.,* of *Hubbard, Patton, Peek, Haltom & Roberts,* for appellees.

CONLEY BYRD, Justice. Appellant Barry Park is the grandson of Buster Golden, who was killed in the course of his employment with the appellee Weyerhaeuser Company on May 31, 1972. Appellant Barry Park was determined to be totally dependent on Mr. Golden and received his compensation payments pursuant to Ark. Stat. Ann. § 81-1315(d) — as it existed at the time of Mr. Golden's death — that is through his 18th birthday which occurred on October 14, 1976. He now claims benefits under the amendment to Ark. Stat. Ann. § 81-1315(d) which was signed by the governor on Feb. 13, 1976. That amendment provides:

> "Provided such benefits to an otherwise eligible child shall not terminate at the age of eighteen (18) years provided such child is a full-time student who has not attained the age of twenty-five (25) years."

The Workers' Compensation Commission refused to retroactively apply the amendment to appellant's claim and on appeal the circuit court agreed with the Commission.

Appellant admits here that the sole question is whether the 1976 amendment can be retroactively applied to the benefits awarded to him as a result of Mr. Golden's death in 1972. We agree with the Commission and the trial court that this statute cannot be so retroactively applied. See *Garner v. American Can Company,* 246 Ark. 746, 440 S.W. 2d 210 (1969). Our decision is in accord with the general rule that is set forth in 99 C.J.S. Workmen's Compensation § 21 as follows:

> "The general rule is that the law in force at the time

of the injury or accident governs the right to, or liability for, compensation, and that compensation acts or amendments thereto are not applicable to injuries sustained before their enactment or effective dates."

Since the Workers' Compensation Law requires every employer to secure compensation coverage for his employees and provides that an employer shall be entitled to such insurance pursuant to the provisions of the Act, it would be almost impossible to obtain those ends if all amendments to the Act, involving substantive matters were to be applied retroactively — *i.e.* there would be no actuarial basis for determining the amount of the insurance premium.

Appellant also contends that to deprive him of the benefit of the 1976 amendment would violate his constitutional right of equal protection. Since the law applies alike to all dependents as it existed at the date of the injury, we find no merit to this contention.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.